IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00681-BNB

MICHAEL T. HUBER,

    Plaintiff,

v.

DICK ROBERTS, Casemanager,
KRISTINA IRELAND, Accounts,
T. FLUHARTY, Inmate Banking, and
COLORADO STATE PENITENTIARY, In Thier [sic] Indvidual [sic] or Offical [sic] Capacity,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 4 2007

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Michael T. Huber is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Huber has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that he is denied indigent status and is not able to purchase hygiene items, even though his account has a negative balance. Plaintiff seeks money damages and injunctive relief. He also asserts that he has exhausted his administrative remedies.

The Court must construe the Complaint liberally because Mr. Huber is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's

failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. **See id.**

The case and the claims alleged against Defendants Dick Roberts, Kristina Ireland, and T. Fluharty will be drawn to a district judge and to a magistrate judge.

Defendant Colorado State Penitentiary, however, will be dismissed from the action. The DOC and its correctional facilities are protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989); **Meade v. Grubbs**, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, **see Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, **Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). Accordingly, it is

ORDERED that Defendant Colorado State Penitentiary is dismissed as a party to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendant Colorado State Penitentiary from docket as a party to the action. It is

FURTHER ORDERED that the case and the claims alleged against remaining Defendants Dick Roberts, Kristina Ireland, and T. Fluharty shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 23 day of May, 2007.

BY THE COURT:

*(signature)*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00681-BNB

Michael T. Huber
Prisoner No. 116524
CSP - A2-14
PO Box 777
Cañon City, CO 81215- 0777

　　　I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/24/07

GREGORY C. LANGHAM, CLERK

By: _____
　　　Deputy Clerk